UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
XIU JIAN SUN,

                              Plaintiff,

       -against-

CHERYL L. POLLAK,

                            Defendant.
---------------------------------------------------------------- x

**MEMORANDUM & ORDER**

17-cv-1570 (ENV) (LB)

VITALIANO, D.J.

    On March 20, 2017, *pro se* plaintiff Xiu Jian Sun commenced this action against United States Magistrate Judge Cheryl L. Pollak, who sits in the Eastern District of New York. ECF Dkt. No. 1. Plaintiff paid the statutory filing fee, but appears *pro se*. *See* Mar. 20, 2017 Filing Fee Receipt. For the reasons set forth below, the action is dismissed with prejudice.

## Background

    Sun identifies himself as "god's servant" and "the spiritual Adam," and asserts that "Jehovah" instructed him to sue Magistrate Judge Pollak, whom he dubs "Pharisees." ECF Dkt. No. 1 at 1. The complaint does not plead any facts concerning Judge Pollak, nor does it articulate any cognizable cause of action, nor does it request any relief aside from the appointment of a Mandarin Chinese interpreter for any court proceedings. *See id.* at 1-2. However, since plaintiff attached to the complaint a copy of a report and recommendation that Judge Pollak issued, on March 2, 2017, in a separate action brought by him, it would appear that Sun seeks to sue Judge Pollak over the issuance of that report and recommendation. *Id.* at 3-5.[1]

---

[1] The action in which Magistrate Judge Pollak entered that report and recommendation, captioned *Sun v. Cheung*, No. 16-cv-5734 (E.D.N.Y.), was, on this date, also dismissed.

1



As a prefatory note, this is the fifth action that plaintiff has filed in this district against judges, judicial employees, and lawyers. All of the previous four actions have been dismissed, either as frivolous or for failure to prosecute. *See Sun v. Cheung*, No. 16-cv-5734, slip op. (E.D.N.Y. Apr. 6, 2017) (dismissed for failure to prosecute); *Sun v. Dillon*, No. 16-cv-5276, slip op. (E.D.N.Y. Oct. 5, 2016) (dismissed as frivolous); *Sun v. Katzmann*, No. 16-cv-3937, slip op. (E.D.N.Y. Aug. 2, 2016) (same); *Sun v. Cavallo*, No. 16-cv-1083, slip op. (E.D.N.Y. Mar. 19, 2016) (same), *appeal dismissed*, No. 16-950 (2d Cir. Aug. 12, 2016).

## Standard of Review

A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citation omitted). Such a complaint should "be liberally construed," *id.* (citation omitted), and "interpreted 'to raise the strongest arguments that [it] suggest[s],'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citation omitted). Nonetheless, a *pro se* complaint must still plead sufficient facts to state a claim "that is plausible on its face." *See Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

At the pleadings stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678 and *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)). Although all factual allegations contained in the complaint are

2

assumed to be true, that tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. As a corollary, a court generally should not dismiss a *pro se* complaint without granting leave to amend, so long as "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

These principles notwithstanding, a district court may dismiss a *pro se* action *sua sponte*—even if the plaintiff has paid the requisite filing fee—if it determines that the action is frivolous. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 363, 363-64 (2d Cir. 2000). Put simply, "[a]n action is frivolous if it lacks an arguable basis in law and fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [that] are clearly baseless.'" *Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989)); *see Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 1733-34, 118 L. Ed. 2d 340 (1992); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). For example, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke*, 490 U.S. at 327).

## Discussion

With these standards in mind, under even the most liberal review, the Court cannot discern what legally cognizable harm Sun supposedly suffered, what acts of Judge Pollak are blamed as the cause of any harm, or what rights of his were allegedly infringed. To the extent that plaintiff seeks to sue Magistrate Judge Pollak for issuing a report and recommendation in a case that was before her as a magistrate judge, any such suit is barred by judicial immunity. "It is well settled," of course, "that judges generally have absolute immunity from suits for money

damages for their judicial actions." *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (quoting *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)).

As Sun should have been able to divine from the dismissal of prior actions, this "judicial immunity is an immunity from suit, not just from the ultimate assessment of damages," and it "is not overcome by allegations of bad faith or malice," nor can a judge "'be deprived of immunity because the action [she] took was in error . . . or was in excess of [her] authority.'" *Mireles v. Waco*, 502 U.S. 9, 11-13, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) (citations omitted). Furthermore, the Federal Courts Improvement Act of 1996 extended judicial immunity to most actions seeking prospective injunctive relief—unless, that is, a declaratory decree was violated or declaratory relief was unavailable, neither of which is alleged here. *See* Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); *Huminski v. Corsones*, 396 F.3d 53, 74 & n.23 (2d Cir. 2005); *see also Shtrauch*, 651 F. App'x at 73.

Applying this standard, the consequences are clear. Plaintiff's complaint must be dismissed as frivolous because it is obvious that Magistrate Judge Pollak is immune from his lawsuit. *See Montero*, 171 F.3d at 760; *see also Tapp v. Champagne*, 164 F. App'x 106, 107 (2d Cir. 2006) (affirming *sua sponte* dismissal of claims against judges shielded by absolute immunity). Moreover, since even the most liberal reading of the complaint gives no indication that it could be amended to state a plausible claim against Judge Pollak, leave to amend must also be denied as futile. *See Cuoco*, 222 F.3d at 112.

4

## Conclusion

In line with the foregoing, plaintiff's complaint is dismissed with prejudice, and without leave to amend.

Although plaintiff paid the filing fee to commence this action, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

Dated: Brooklyn, New York
      April 6, 2017

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge